UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH FOSTER ARDIS,

        Plaintiff

v.

ROSILYN JINDAL and JANE DOE,

        Defendants.

_____/

Case No. 2:18-cv-13537
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER REGARDING IDENTIFICATION OF DEFENDANT NURSE JANE DOE and INITIAL SCHEDULING ORDER

**A.  Plaintiff's complaint names two Defendants.**

Kenneth Foster Ardis is currently incarcerated at the Michigan Department of Corrections (MDOC) Marquette Branch Prison (MBP) in Michigan's Upper Peninsula.[1]  Ardis initiated the instant lawsuit in the Western District of Michigan on October 1, 2018.  (DE 1.)  On October 25, 2018, Plaintiff filed an amended complaint against two Defendants:  **(1)** (Unknown) Jinhal, who is described as a Physician Assistant at Gus Harrison Correctional Facility (ARF); and, **(2)** Jane Doe, who is described as a Registered Nurse at ARF.  (DE 2 ¶¶ 6-7.)  Amongst the

---

[1] *See* www.michigan.gov/corrections, "Offender Search" (last visited Apr. 8, 2019).

1

factual allegations, Plaintiff further describes Jane Doe as the nurse who examined him in late November 2017 and noticed his knees and feet but "only offered Plaintiff Tylenol until seen by a doctor." (DE 2 ¶ 10.)

On November 9, 2018, Plaintiff's case was transferred to this Court. (DE 4.)

**B.      Only Defendant Jindal has appeared.**

On February 1, 2019, and again on February 4, 2019, the USMS acknowledged receipt of documents for service of process. (DEs 16, 18.) On February 4, 2019, Judge Parker entered an order directing service without prepayment of costs and authorizing the United States Marshal to collect costs after service is made. (DE 15.) Counsel has entered an unqualified appearance on behalf of Rosilyn Jindal, P.A. (DE 20).

Defendant Nurse Jane Doe has yet to appear, although it seems the MDOC knows her identity. On December 19, 2018, the Attorney General entered an appearance on behalf of Nurse Jane Doe "for the limited purpose of participating in the Early Mediation process in the above-entitled action." (DE 12.) On the same day, in a motion to exclude the case from early mediation, counsel stated: "it appears that MDOC Defendant Nurse Jane Doe has an affirmative defense which would be dispositive of the entire matter and therefore request that this litigation be excluded from early mediation." (DE 13 at 1.)

On April 3, 2019, the Court entered an order, which, in part, required the Attorney General to inform the Court of the status of her representation of Defendant Jane Doe. (DE 24.) On April 5, 2019, the Attorney General filed a response, in which she explained that "no unqualified appearance will be filed until this individual has been properly served." (DE 25.)

**C.     Plaintiff must identify Defendant Nurse Jane Doe.**

Judge Parker has referred this case to me for all pretrial proceedings. Given the foregoing posture of this case, it is now appropriate to enter general case management deadlines. Accordingly, no later than **Monday, June 10, 2019**, after engaging in some discovery regarding identification, Plaintiff must name Defendant Nurse Jane Doe, after which the Court will direct the USMS to attempt service. If Plaintiff is unable to identify Defendant Nurse Jane Doe, then he risks dismissal of his claims against this Defendant. (*See* Fed. R. Civ. P. 4(m).)

**D.     Initial Scheduling Order**

| **YOU MAY RECEIVE NO FURTHER NOTICE OF THESE DATES** ||
| EVENT/ITEM | DEADLINE |
| --- | --- |
| Discovery Cut-off (completion) | **Thursday, October 10, 2019** |

| | |
|---|---|
| Dispositive motion deadline (Note: If Defendants choose to proceed with what turns out to be an unsuccessful motion for dismissal based upon lack of subject matter jurisdiction, they will not be prohibited from subsequently filing one additional dispositive motion on the merits within the deadline herein established.) | **Tuesday, November 12, 2019** |
| Deadline for all Motions (other than Motions in Limine) | To be determined |
| Final Pretrial Conference | To be determined |
| Trial | To be determined |

The parties are also advised of the following:

   I. All parties are required to adhere to Judge Patti's Practice Guidelines, which can be accessed at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51.

   II. Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

   III. DISCOVERY. Discovery must be *completed* by the discovery cut-off date, after which, this Court will not order discovery to take place. All discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party adequate time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery. Parties may agree to extend the deadlines by submitting a joint motion with a proposed order to the Court for consideration. The extension should not affect the other scheduled dates.

   IV. DISPOSITIVE MOTIONS. No party may file more than one motion for summary judgment without obtaining leave of court.

   In motions filed under Rule 56, the moving party shall serve and file: 1) any affidavits and other materials referred to in Fed. R. Civ. P.

56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1. The motion must begin with a "Statement of Material Facts" consisting of separately numbered paragraphs briefly describing the material facts underlying the motion, sufficient to support judgment. Proffered facts must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Citations should contain page and line references, as appropriate.[2]

The full text of any source cited should be filed with the Court in a Fact Appendix. The Fact Appendix shall contain an index, followed by the tabbed exhibits. Chambers' copies of Fact Appendices of more than 20 pages must be separately bound and include a cover sheet identifying the motion to which they are appended. All pages from the same deposition or document should be at the same tab. The Statement of Material Facts counts against the page limit for the brief. No separate narrative facts section shall be permitted.

Likewise, a party opposing a Rule 56 Motion shall serve and file: 1) any opposing affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1. The response to a Rule 56 Motion must begin with a "Counter-statement of Material Facts" stating which facts are admitted and which are contested. The paragraph numbering must correspond to moving party's Statement of Material Facts. If any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual disagreement, referencing and citing record evidence.[3] Any

---

[2] Examples of movant's separate material factual statements:

    1. Plaintiff Jones worked for ABC Corp. in an at-will position from 1999 until his termination in 2005. (DE 34-7 at 10.)

    25. ABC Forp. Human Resources Director Smith testified that the only reason Jones was terminated was repeated tardiness. (DE 34-9 at 32.)

[3] Examples of non-movant's corresponding factual statements:

proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted. In similar form, the counter-statement may also include additional facts, disputed or undisputed, that require a denial of the motion.

Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent and from controlling courts. Counsel are encouraged to supply the Court with copies of their main cases, with the relevant passages highlighted and tabbed. Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of these cases must be submitted with the briefs.

V. ORAL ARGUMENT ON MOTIONS. Parties who do not respond to motions in a timely fashion may not be permitted to argue before the Court during oral argument.

VI. ADDITIONAL INFORMATION FOR PRO SE LITIGANTS.

  a. Neither party is allowed to engage in *ex parte* communication with Judge Patti or his staff. This means that every time the parties engage with Judge Patti or his staff, it must be done by filing documents in the ECF system or by submitting the documents to the Clerk's Office. <u>Judge Patti will not accept letters or other documents that have not either been filed in the ECF system or submitted to the Clerk's Office</u>.

---

1. Plaintiff admits that he worked for ABC Corp. in an at-will position, but the commencement of employment was in 1997. (DE 34-7 at 12.)

25. Plaintiff admits that Human Resources Director Smith testified at page 5 that Jones was terminated for tardiness, however Smith also agreed that he said in an email to ABC Corp. Vice President Brown that Jones should "move out" since he was "getting along in years." (DE 34-9 at 14.)

b. Along the same lines, parties should generally not call chambers, unless the other party is also on the line.

c. Parties should ONLY come to Judge Patti's chambers when there is a scheduled event. You will receive notice of scheduled events in the ECF system or through regular mail. Judge Patti will not hold unscheduled meetings or conferences.

d. No one in the courthouse can provide you with legal advice, including Judge Patti, his staff, Clerk's Office staff, or another party's attorney. If you need the assistance of an attorney, you must retain one on your own.

e. You are required to follow the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules throughout the litigation process. The rules, and additional help for *pro se* litigants, can be accessed online via https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe .

**IT IS SO ORDERED.**

Dated: April 9, 2019          s/*Anthony P. Patti*

                                         ANTHONY P. PATTI
                                         UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 9, 2019, electronically and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable Anthony P. Patti