UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH FOSTER ARDIS,

        Plaintiff

v.

  ROSILYN JINDAL and
  TAMMRA S. ROTHHAAR,

        Defendants.

_____/

Case No. 2:18-cv-13537
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S APRIL 19, 2019 COMBINED MOTIONS (DE 30)

Plaintiff's amended complaint describes a Jane Doe Defendant. (DE 2.) On

April 15, 2019, Plaintiff informed the Court that Tammra S. Rothhaar is the

previously unidentified Defendant. (DE 27.) Accordingly, on April 18, 2019, the

Court directed the Clerk of the Court substitute Tammra Rothhaar for Jane Doe

and directed the U.S. Marshals Service to attempt service of the amended

complaint upon Rothhaar at Gus Harrison Correctional Facility. (DE 29.)

Rothhaar is now listed as a Defendant on the docket, and efforts to effect service

upon Rothhaar are underway. (DE 32.)

Accordingly, Plaintiff's April 19, 2019 motion (DE 30) is **DENIED** as moot

to the extent it seeks amendment of his pleading to identify Defendant Jane Doe as

Defendant Rothhaar. In addition, Plaintiff's motion requests, without further

development, that the Court "appoint counsel as he is doing his litigation pro per, and requires the assistance of a[n] attorney who is skilled in [the] law[.]" (DE 30 at 2.) Presumably, Plaintiff makes such a request under 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Many people who otherwise lack a legal education or other specialized knowledge of the law file cases in this Court *in pro per*, but that does not, in and of itself, entitle them to the recruitment of pro bono counsel.[1] This request is **DENIED** without prejudice. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

    **IT IS SO ORDERED.**

Dated: May 7, 2019             s/*Anthony P. Patti*

                                  ANTHONY P. PATTI
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has *discretion* to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on May 7, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
