UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH FOSTER ARDIS,

       Plaintiff

v.

ROSILYN JINDAL and
TAMMRA S. ROTHHAAR,

       Defendants.

Case No. 2:18-cv-13537
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

_____/

**ORDER GRANTING DEFENDANT JINDAL'S MOTION TO SEAL EXHIBIT A TO HER MOTION FOR SUMMARY JUDGMENT (ECF 44), GRANTING PLAINTIFF'S MOTION FOR TIME EXTENSION (ECF 49), DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY (ECF 50), & DENYING PLAINTIFF'S MOTION FOR THE COURT TO DEMAND THAT MDOC HEALTH CARE GIVE HIM A COMPLETE COPY OF HIS MEDICAL FILE (ECF 51)**

**A.    There are two pending dispositive motions (ECFs 41, 45), which will be addressed under separate cover.**

Kenneth Foster Ardis initiated this lawsuit in the Western District of Michigan. *See* Case No. 2:18−cv−00169−RJJ−TPG (W.D. Mich.). On October 25, 2018, he filed an amended complaint, which named two Defendants, "(Unknown) Jinhal," *i.e.*, Rosilyn Jindal, P.A., and "Nurse Jane Doe," *i.e.*, Tammra Rothhaar. (ECF 2 ¶¶ 6, 7; ECFs 20, 39.) The case was transferred to this district on November 9, 2018.

Currently pending before the Court are two dispositive motions: (1) MDOC Defendant Rothhaar's motion for summary judgment (ECF 41), regarding which Plaintiff filed a timely response (ECFs 42, 43); and, (2) Defendant Jindal's motion for summary judgment (ECF 45), regarding which Plaintiff's response was due on September 20, 2019 (ECF 47). These motions, each of which raises both exhaustion and substantive issues, will be addressed under separate cover. (ECF 41 at 5, ECF 45 at 8.)

### B. Meanwhile, Defendant Jindal's motion to seal (ECF 44) is granted.

Jindal is not a state employee but is allegedly employed by Corizon Health. (ECF 45 at 22, ECF 41 at 7.) On August 16, 2019, Defendant Jindal filed a motion to seal Exhibit A to her motion for summary judgment. (ECF 44; *see also* ECF 45-1.) Concurrently, Defendant Jindal filed under seal 41-pages of Plaintiff's medical records. (ECF 46.)

Having described the documents at issue as "Relevant Portions of Plaintiff's MDOC Medical Record," (ECF 45-1), and having cited the Health Insurance Portability and Accountability Act (HIPAA), Defendant Jindal's motion to seal (ECF 44) is **GRANTED**, the Court finding that the documents in question (ECF 46) are replete with protected health information (PHI). *See* 45 C.F.R. § 160.103.

### C. Plaintiff has filed an affidavit concerning Defendant Jindal (ECF 48), and Plaintiff's motion for time extension (ECF 49) has been granted.

On September 16, 2019, Plaintiff filed an affidavit that, at least in part, responded to Defendant Jindal's affidavit in support of her motion for summary judgment. (ECF 48 [Pl.'s Affid.], ECF 45-2 [Jindal Affid.].) Among other things, Plaintiff attests that the documents Jindal provided "are inadequate and/or lacking in their entirety[.]" (ECF 48 ¶ 7.) Here, the Court assumes that Plaintiff is referring to the various attachments to Jindal's August 16, 2019 dispositive motion (ECFs 44, 45-1, 45-3) and/or the fact that he had yet to receive Jindal's September 20, 2019 discovery responses (ECF 50 at 6-10).

At the same time, Plaintiff filed a motion for an extension of time within which to file a response to, presumably, Defendant Jindal's motion for summary judgment. (ECFs 48, 49.) On October 4, 2019, I extended Plaintiff's response deadline to October 21, 2019. Plaintiff also claims that the matters sought by his discovery requests are "needed for a complete and proper response[,]" and "vital for a proper and equitable response." (ECF 49 ¶¶ 2, 5.) Clearly, Plaintiff intends to invoke Fed. R. Civ. P. 56(d) ("When Facts Are Unavailable to the Nonmovant.").[1] However, for the reasons stated below, Plaintiff's motion to compel discovery (ECF 50) will be denied.

---

[1] "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

### D. Plaintiff's motion for an order compelling discovery (ECF 50) is denied as filed.

By way of background, on September 20, 2019, Defendant Jindal served responses to 14 discovery requests. (*See* ECF 50 at 6-10.) In each case, Defendant Jindal objected on the basis that serving discovery on September 11, 2019 was not timely under this Court's initial scheduling order, which set a discovery cut-off of October 10, 2019. (*Id*.; ECF 26.)[2] Additionally, as to 12 of the requests, Defendant Jindal responded that "there is no document responsive [sic] containing the requested information[,]" and, as to 2 of the requests, Defendant Jindal objected on the basis that "Defendants are not required to fund Plaintiff's discovery efforts." (ECF 50 at 6-10.)

---

declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

[2] This Court's initial scheduling order expressly provided that: "Discovery must be *completed* by the discovery cut-off date, after which, this Court will not order discovery to take place. All discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party adequate time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery. Parties may agree to extend the deadlines by submitting a joint motion with a proposed order to the Court for consideration. The extension should not affect the other scheduled dates." (DE 26 at 4.) Parties have 30 days to serve answers, responses or objections to interrogatories and requests for production of documents. *See* Fed. Rules Civ. P. 33(b)(2), 34(b)(2)(A). Thus, interrogatories and/or requests for production of documents should have been served by Tuesday, September 10, 2019. Plaintiff himself states that he submitted his written request on September 11, 2019. (ECF 50 at 3.)

On September 30, 2019, Plaintiff filed a motion for an order compelling discovery. (ECF 50 at 1-4.) Upon consideration, Plaintiff's motion is **DENIED**. The Federal Rules of Civil Procedure contain provisions for answers, responses, and objections to discovery requests. *See*, *e.g.*, Fed. Rules Civ. P. 33(b), 34(b)(2). Plaintiff seeks an order compelling Defendant Jindal and others "to produce for inspection and copying" documents responsive to the 14 requests, but Plaintiff does not explain what is errant about Defendant Jindal's attached responses. Moreover, as to the results of any laboratory testing (Request No. 8) and a complete copy of Plaintiff's medical file (Request No 14), Defendant Jindal explained both that the cost for 357 pages of copies at $0.25/page would be $89.25 and that she "provided the relevant medical records with her Motion for Summary Judgment . . . ." (ECF 50 at 9.) Thus, the Court will not presume, as Plaintiff seems to ask it to do, that Defendants will be barred from using any materials they have not provided to Plaintiff. (ECF 50 at 4.)

> **E.  Plaintiff's motion for the Court to demand that MDOC Health Care give him a complete copy of his medical file (ECF 51) is denied.**

On October 3, 2019, Plaintiff filed a motion for the Court to demand that MDOC health care give him a complete copy of his medical file. (ECF 51.) The Court has no doubt that Plaintiff's medical file contains discoverable information, and the Court understands Plaintiff's efforts to "help place this claim in the right

5

direction[,]" and to "provide the right information in this claim[.]" However, "under the American rule, each party bears its own costs in litigation." *Walter v. Fiorenzo*, 840 F.2d 427, 436 (7th Cir. 1988). Moreover, even if Plaintiff is indigent, the MDOC Policy Directive on Prisoner Funds provides that "[f]unds shall be loaned to prisoners who lack sufficient funds in their trust account to purchase . . . [p]hotocopies of legal documents and notary services as set forth in PD 05.03.116 'Prisoners' Access to the Courts'." MDOC 04.02.105 ("Prisoner Funds"), effective Jan. 1, 2010 ¶ Z(4). Finally, MDOC Health Care is a non-party; therefore, it is not properly before this Court. Accordingly, Plaintiff's motion for the Court to demand that MDOC Health Care give him a complete copy of his medical file (ECF 50) is **DENIED**.

    **IT IS SO ORDERED.**

Dated: October 10, 2019          s/*Anthony P. Patti*
                                                    Anthony P. Patti
                                                    UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on October 10, 2019 , electronically and/or by U.S. Mail.

                                                      s/Michael Williams
                                                      Case Manager for the
                                                      Honorable Anthony P. Patti